IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIFFANY SPARKS on Behalf of Herself and All Others Similarly Situated, | ) | Class & Collective Action |
| Plaintiffs, | ) | |
| vs. | ) | CAUSE NO. 1:25-cv-2034 RLY-MJD |
| TLC HOUSE AND RESIDENTIAL SERVICES, LLC and TAMARA BROWN, | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR DAMAGES**

This is a Class and Collective Action brought on behalf of all former and current non-exempt employees who worked for TLC House and Residential Services, LLC ("TLC") ("the Class" and the Collective Class") against Defendants, against TLC and Tamara Brown.

**I. Parties**

1. Each member of the Class and Collective Class is or was a non-exempt employee who worked at TLC at all times relevant to this action.

2. Plaintiff, Ms. Sparks, is a resident of Indianapolis, Indiana.

3. Defendant, TLC, is a limited liability company that is headquartered in Indianapolis, Indiana.

4. Defendant, Ms. Brown, is a member of TLC.

5. Ms. Brown manages TLC.

6. Ms. Brown determines the compensation of the employees of TLC.

7. Ms. Brown determines who is paid overtime wages for the employees of TLC.

## II. Jurisdiction and Venue

8. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Class and Collective Action members bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

9. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

10. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiff's residence and Defendants doing business in this District.

## III. Class and Collective Action Allegations

11. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as non-exempt employees of TLC which is owned and managed by Ms. Brown ("the Collective Action").

12. Plaintiff brings this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as non-exempt employees of TLC which is owned and managed by Ms. Brown ("the Wages Class").

13. The members of the Wage Class and Collective Action were non-exempt employees.

14. The members of the Wage Class and Collective Action routinely worked forty (40) or more hours in one workweek.

15. The members of the Wage Class and Collective Action were not paid overtime premiums of time and a half of their regular rate when they worked forty (40) or more hours in a workweek.

16. The members of the Wage Class and Collective Action were not paid for all hours that they performed work at either their regular or overtime rates.

17. Until sometime in 2023, Defendants did not have a poster informing employees of their right to overtime pay under state or federal law.

18. Plaintiff and the members of the Classes are entitled to equitable tolling.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, e-mail addresses, home addresses, and relevant documentation of members of the Class and Collective Action should be in the business records of Defendants. Notice may be provided to members of the Class and Collective Action or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

## IV. Factual Allegations

20. Ms. Sparks was an employee of TLC.

21. Ms. Sparks began working for TLC in 2020.

22. Ms. Sparks was paid on an hourly basis.

23. Ms. Sparks was paid $15.00 per hour.

24. Ms. Sparks was not paid time and a half her regular rate for any time worked over 40 hours in a given workweek.

25. Ms. Sparks routinely worked over forty (40) hours in a workweek.

26. Defendants did not have a good faith reason for failing to pay Mrs. Sparks these overtime premiums.

27. Defendants willfully failed to pay Mrs. Sparks these overtime premiums.

28. Mrs. Sparks quit her employment with Defendants in November, 2023.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

29. Plaintiffs incorporate paragraphs 1 through 28 by reference herein.

30. Plaintiff and the members of the Collective Action are or were employees of Defendants pursuant to the FLSA.

31. TLC was/is an employer pursuant to the FLSA.

32. Ms. Brown was/is an employer pursuant to the FLSA.

33. Plaintiff and the members of the Collective Action are covered employees pursuant to enterprise coverage under the FLSA.

34. Defendants had gross revenues of at least $500,000.00 for the 2019 calendar year.

35. Defendants had gross revenues of at least $500,000.00 for the 2022 calendar year.

36. Defendants had gross revenues of at least $500,000 for the 2023 calendar year.

37. Defendants had gross revenues of at least $500,000 for the 2024 calendar year.

38. Ms. Brown made the decision to not pay overtime premiums to the members of the Collective Action.

39. Ms. Brown made the decision to pay employees via W-2 or 1099.

40. Plaintiffs and the members of the Collective Action have been and continue to be damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Collective Action for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff and the members of the Collection Action all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count II - Class Action**
**Wage Payment Statute**

41. Plaintiffs incorporate paragraphs 1 through 40 by reference herein.

42. Plaintiff and the members of the Wage Class were not paid all overtime wages due and owing to them during their employment.

43. Plaintiff and the members of the Wage Class have been and continue to be damaged by Defendant's violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count III – Alternative Individual Claim**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

44. Plaintiffs incorporate paragraphs 1 through 43 by reference herein.

45. Plaintiff was an employee of Ms. Brown pursuant to the FLSA.

46. Plaintiff was an employee of TLC pursuant to the FLSA.

47. Plaintiff is a covered employees pursuant to enterprise coverage under the FLSA.

48. Ms. Brown is an employer pursuant to the FLSA.

49. Ms. Brown made the decision to not pay overtime premiums to the members of the Collective Action.

50. Plaintiff has damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count IV – Alternative Individual Claim**
**Wage Payment Statute**

51. Plaintiffs incorporate paragraphs 1 through 50 by reference herein.

52. Plaintiff was not paid all overtime wages due and owing to her during her employment.

53. Plaintiff has damaged by Defendants' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*<u>/s/Ronald E. Weldy</u>*
Ronald E. Weldy, #22571-49

**Count V –Class Claim**
**Minimum Wage Act**

54. Plaintiffs incorporate paragraphs 1 through 53 by reference herein.

55. Plaintiff and the members of the Class were not paid all overtime wages due and owing to them during their employment.

56. Plaintiff and the members of the Class were covered by the Minimum Wage Act when the FLSA did not apply.

57. Plaintiff and the members of the C.lass have damaged by Defendants' violations of the Minimum Wage Act.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Minimum Wage Act.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Minimum Wage Act.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count VI – Alternative Individual Claim**
**Minimum Wage Act**

58. Plaintiffs incorporate paragraphs 1 through 57 by reference herein.

59. Plaintiff was not paid all overtime wages due and owing to her during her employment.

60. Plaintiff was covered by the Minimum Wage Act when the FLSA did not apply.

61. Plaintiff was damaged by Defendants' violations of the Minimum Wage Act.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

## IV. Jury Demand

62. Plaintiff incorporates paragraphs 1 through 52 by reference herein.

63. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Class & Collective Action Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via e-mail on this 30th day of January, 2026 to the following:

Hilary K. Leighty
hleighty@kdlegal.com

*/s/Ronald E. Weldy*
Ronald E. Weldy
Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317)842-6600
E-mail: rweldy@weldylegal.com