UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIFFANY SPARKS,<br><br>                                    Plaintiff,<br><br>                   v.<br><br>TLC HOUSE AND RESIDENTIAL SERVICES,<br>LLC, et al.,<br><br>                                    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 1:25-cv-02034-JPH-MJD<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER APPROVING COLLECTIVE ACTION NOTICE**

This matter is before the Court on Plaintiff's motion entitled Motion for Approval of

Notice of Approval of Collective Action, Class Definition and Contact Information for Potential

Class Members, [Dkt. 39], and Plaintiff's Motion to Approve Notice of Collective Action and

Opt-In Consent Form, How Notice Is Served, [Dkt. 45], which is essentially a supplement to the

first motion.  For the reasons and to the extent set forth below, the motions are **GRANTED**.

**I.  Background**

As relevant to the instant motions, Plaintiff alleges in her Amended Complaint, [Dkt. 36],

that Defendants violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 207, by failing to pay certain caregiver employees[1] the required overtime premium

when they worked more than forty hours in a workweek.  Plaintiff intends to seek certification of

---

[1] The employees in question "provided home and community-based services and/or attendant
care services ('waiver services') to a person ('Medicaid waiver recipient') receiving waiver
services from [Defendant] TLC under the Indiana Family and Social Services Administration's
('FSSA') Medicaid Waiver Program."  [Dkt. 49 at 3.]  "FSSA bills TLC as the Medicaid approved
service provider for these waiver services and TLC, as the third-party employer, pays caregivers
for the hours worked performing these services."  *Id.*  Defendants originally treated the
caregivers as independent contractors, but at some point began treating them as employees.

a collective action pursuant to the FLSA.  The first step in doing so is to send notice to the potential plaintiffs to give them the opportunity to join the case as plaintiffs.  In response to the instant motions, Defendants did not oppose sending notice to potential plaintiffs, but took issue with some of the provisions in Plaintiff's proposed notice. *See* [Dkt. 49] (Defendants' Response); [Dkt. 63] (Defendants' Surreply).  In her Reply, Plaintiff conceded some of Defendants' points.  The Court then instructed Plaintiff to file a revised proposed notice and also instructed Defendants to file their own proposed notice, so that the Court would have before it proposed notices that reflected the parties' positions with regard to the remaining arguments.  [Dkt. 60.]  The parties have done so.  *See* [Dkt. 62] (Plaintiff's revised proposed notice); [Dkt. 64] (Defendants' proposed notice).  The Court then held a hearing to allow the parties to address the differences between their proposed notices.  *See* [Dkt. 68].  During the hearing, the Court provided the parties with its own proposed collective class definition;[2] the parties had no objection to the Court's proposed definition, so that is the definition used in the Notice approved herein.

## II.  Discussion

The Court will now address the remaining disputes between the parties.[3]

### A.  Relevant Time Period

First, the parties disagree on the relevant time frame for the collective class definition to be set forth in the Notice.  Plaintiff proposes that the Notice be sent to "all present and former

---

[2] Of course, an FLSA collective action is not a class action.  Nonetheless, the group of people to whom notice is sent pursuant to the FLSA is commonly referred to as the "collective class."  The parties use the term in their briefs, and the Court will use the term here as well.
[3] The Court notes that Defendants raised an issue regarding adding language to Section 7 of the Notice, but they did not include any such language in their proposed notice.  Accordingly, the Court finds that they have waived that issue.

caregiver employees of TLC House and Residential Services, LLC who worked 40 or more hours in a workweek and were employed on or after April 1, 2022." [Dkt. 62.] Defendants propose that the Notice be sent to the following: "All full-time present and former caregiver employees of TLC House and Residential Services, LLC who worked over 40 hours in a workweek and were not paid the overtime premium for those hours on or after October 6, 2022." [Dkt. 64.] Defendants choose October 6, 2022, because that is three years before the date this case was filed and FLSA claims are subject to either a two-year or three-year statute of limitations depending on whether a willful violation is found. Plaintiff argues that April 1, 2022, is appropriate for the Notice because that is the date Defendants became subject to the FLSA, and Plaintiff believes that the statute of limitation is subject to equitable tolling because there is (disputed) evidence that Defendants failed to post the notice of employees' rights required by the FLSA until sometime in late 2022 or early 2023.

Defendants argue—correctly—that whether equitable tolling may be applied to extend the statute of limitation for any particular plaintiff's claim is an individualized determination that likely cannot be made on a classwide basis. Defendants are incorrect in suggesting that means that the Notice cannot include putative plaintiffs whose claims will be time barred if they are not entitled to equitable tolling. Rather, "[f]rom filing to judgment, 'collective actions permit individualized claims and individualized defenses.'" *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 725 (7th Cir. 2024) (quoting *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 403 (6th Cir. 2021)). To secure notice, "a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 913 (7th Cir. 2025), *cert. denied,* 2026 WL 79908 (U.S. Jan. 12, 2026). Plaintiff does not have to demonstrate that the claims of every

3

member of the putative collective action are identical.  "The fact that some potential plaintiffs may need to invoke equitable tolling to defeat Defendants' statute of limitations argument does not negate the fact that they are similarly situated to Plaintiff (*i.e.* victims of a common policy or plan that violated the law)." *Pizano v. Big Top Party Rentals, LLC*, 2018 WL 2193245, at *5 (N.D. Ill. May 14, 2018) (citing *Cisneros v. Jinny Beauty Supply Co.*, 2004 WL 524482, at *1 (N.D. Ill. Feb. 6, 2004) (rejecting defendants' argument that plaintiff was not "'similarly situated' to plaintiffs who would invoke equitable tolling")).  Therefore, like the courts in *Pizano* and *Cisneros*, the Court finds that it is appropriate for the Notice to include potential plaintiffs whose claims depend on the successful invocation of equitable tolling.

### B.  Defendants' proposed language in Paragraph 4

Paragraph 4 of Plaintiff's proposed Notice reads as follows:

**4. ELIGIBILITY TO PARTICIPATE IN THE LAWSUIT.**

Plaintiff brings this collective action on behalf of all alleged current and former Nonexempt Employees who Plaintiff claims worked over 40 hours in a week for TLC during the Relevant Time Period.

If you meet this description, you may have the right to join and participate in this lawsuit to assert a potential claim for alleged unpaid overtime premiums. It is entirely your own decision whether to join this lawsuit.

You may also contact an attorney of your choice. If you do not wish to be a part of the lawsuit, you do not need to do anything. This decision to join is entirely yours.

[Dkt. 62 at 2.]  Defendants propose that the second paragraph should be replaced with the following:

If you meet this description, you may have the right to join and participate in this lawsuit to assert a potential claim for alleged unpaid overtime premiums for hours worked over forty (40) in a workweek.  However, the applicable time period for the recovery of any unpaid overtime premiums is yet to be determined.  The time period of recovery, if any, will be up to two to three years depending on the time

4

period selected by the Court, and will be calculated based on the date you return a completed Consent to Join Collective Action form as described herein.

It is entirely your own decision whether to join this lawsuit.

The Court finds the additional language to be unnecessary. Plaintiff's proposed language makes it clear that joining the lawsuit does not necessarily mean Plaintiff will be successful by stating that "you **may** have the right to join and participate in this lawsuit to assert a **potential** claim." Elsewhere in the Notice it clearly states that "[t]he Court has not ruled which party will prevail in this lawsuit" and that Defendants deny any liability. This is sufficient to make it clear that not everyone who receives the Notice necessarily will have a winning claim; singling out the statute of limitations issue as one potential obstacle for the plaintiffs is potentially, and unnecessarily, confusing to the laypeople who will receive the Notice.

### C. Notice via text message

Defendants object to Plaintiff's request to send a text message to each putative plaintiff, arguing that it is "overly intrusive and unwarranted." [Dkt. 49 at 12.] The Court overrules that objection—and Defendants' objection to producing putative plaintiffs' cell phone numbers—to the extent that Plaintiff's counsel is permitted to send the text notice approved herein to each putative plaintiff's cell phone number **once**.[4] Receiving one text message, without any attachment or link in it, is not overly intrusive in today's world and may well be the most reliable means of communication in 2026 for many people.

---

[4] If a putative plaintiff responds to the text message, plaintiff's counsel may then engage with that putative plaintiff via additional text messages.

### D. Request for dates of birth

In her motion, Plaintiff asks the Court to order Defendants to produce each putative plaintiff's date of birth.  While Plaintiff gives no reason for that request in her initial brief, after Defendants objected to it in their response, Plaintiff states in her reply brief that

> Plaintiff will agree to not receive dates of birth for all potential collective action members.  However, if the initial mailing comes back as undeliverable and without a forwarding address, then Defendants shall provide the dates of birth for these individuals to Plaintiff with seven (7) days so that these potential collective action members can be skip traced.

[Dkt. 55 at 4.]  Defendants have no objection to that approach, which the Court finds to be reasonable.  Any birthdates produced pursuant to this protocol shall be maintained as confidential pursuant to the Protective Order in this case.  [Dkt. 20.]

### E. "Claims" vs. claim

At various places in their proposed notices, Plaintiff refers to FLSA "claims" and Defendants refer to an FLSA "claim."  Plaintiff's counsel explained during the hearing that he believes "claims" is correct because each week in which overtime premiums were owed but not paid constitutes a separate claim.  Nonetheless, the Court agrees with Defendants that the use of "claims" in some places in the Notice is unnecessarily confusing for a layperson, who is likely to understand that to sue under a statute is to make a claim under that statute.  The Notice approved herein reflects this finding.

### F. Paragraph 3

Finally, Defendants suggest that the following sentence should be deleted from enumerated Paragraph 3 of Plaintiff's proposed notice:  "This Notice explains how you can join and participate in the lawsuit if you choose to do so."  Defendants argue that it is duplicative of (but worded differently than) Paragraph 1, which reads:

This Notice is to inform you of the existence of a collective action lawsuit filed against TLC  and its owner, Tamara Brown, (collectively "TLC") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, if you choose to participate.

The Court does not find either the redundancy or the difference in wording to be problematic and therefore has included the sentence in question in the Notice approved herein.

### III.  Conclusion

For the reasons and to the extent set forth above, Plaintiff's motion entitled Motion for Approval of Notice of Approval of Collective Action, Class Definition and Contact Information for Potential Class Members, [Dkt. 39], and Plaintiff's Motion to Approve Notice of Collective Action and Opt-In Consent Form, How Notice Is Served, [Dkt. 45], are **GRANTED**.  The Court approves the Notice attached hereto.  Defendants shall provide Plaintiff the following information for each potential collective class member **within fourteen days of the date of this Order**:  name, address, cell phone number, e-mail address, and dates of employment.  Dates of birth shall be provided pursuant to the protocol set forth herein.

SO ORDERED.

Dated:  14 APR 2026

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIFFANY SPARKS on Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:25-cv-2034-JPH-MJD |
| TLC HOUSE AND RESIDENTIAL SERVICES, LLC and TAMARA BROWN, | ) ) ) | |
| Defendants. | ) | |

## NOTICE OF COLLECTIVE ACTION LAWSUIT

**TO:**      **ALL PRESENT AND FORMER CAREGIVER EMPLOYEES OF TLC HOUSE AND RESIDENTIAL SERVICES, LLC, WHO WORKED OVER FORTY HOURS IN ONE OR MORE WORKWEEKS ON OR AFTER APRIL 1, 2022, AND WERE NOT PAID AN OVERTIME PREMIUM FOR SOME OR ALL OF THOSE HOURS.**

**SUBJECT:**   **FAIR LABOR STANDARDS ACT LAWSUIT SEEKING ALLEGEDLY UNPAID OVERTIME PREMIUMS**

**Note: This Notice is not an expression of any opinion by the Court about the merits of any claims asserted by the Plaintiff Tiffany Sparks ("Plaintiff") or of any defenses asserted by the Defendants TLC House and Residential Services, LLC, and Tamara Brown.**

1.    **INTRODUCTION.**

This Notice is to inform you of the existence of a collective action lawsuit filed against TLC House and Residential Services, LLC and its owner, Tamara Brown, (collectively "TLC") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, if you choose to participate.

2.    **WHAT IS THE LAWSUIT ABOUT?**

Plaintiff is a former alleged Non-Exempt Employee of TLC who filed a Complaint against TLC alleging that she and her fellow Non-Exempt Employees may not have been paid the time and a half premium for hours worked over forty hours in a workweek as required by the FLSA. Plaintiff brings a claim pursuant to the FLSA and seeks to recover the alleged unpaid overtime premium for hours worked over forty in any given workweek.  Plaintiff seeks to proceed with her FLSA claim on behalf of alleged present and former Non-Exempt Employees of TLC who were

employed during the Relevant Time Period (as defined below) and worked more than forty hours in one or more workweeks. This lawsuit seeks to recover the following damages:

    a.      Claimed Unpaid Overtime Premiums for overtime hours worked
    b.      Claimed Liquidated Damages – Equal to or Double Wages owed and
    c.      Claimed Attorney Fees and Costs incurred.

The Court has not ruled which party will prevail in this lawsuit. TLC disputes Plaintiff's claims and denies any liability under the FLSA or any other wage and hour statute. TLC contends it properly paid workers pursuant to the FLSA and any other wage and hour law. TLC maintains that at all times it acted in good faith in compensating its employees.

**3.      WHY DID I GET THIS NOTICE?**

You received this Notice because, according to the records of TLC, you worked for TLC as an independent contractor, salary non-exempt, or hourly non-exempt employee for more than forty hours in a workweek on or after April 1, 2022 (the "Relevant Time Period"). This Notice explains how you can join and participate in the lawsuit if you choose to do so.

**4.      ELIGIBILITY TO PARTICIPATE IN THE LAWSUIT.**

Plaintiff brings this collective action on behalf of all alleged current and former Non-exempt Employees who Plaintiff claims worked over forty hours in one or more weeks for TLC during the Relevant Time Period.

If you meet this description, you may have the right to join and participate in this lawsuit to assert a potential claim for alleged unpaid overtime premiums for hours worked over forty in any given workweek.

It is entirely your own decision whether to join this lawsuit.

You may also contact an attorney of your choice. If you do not wish to be a part of the lawsuit, you do not need to do anything. The decision to join is entirely yours.

**5.      HOW DO I JOIN THE LAWSUIT?**

***If you wish to have the opportunity to join this lawsuit and make a claim for allegedly unpaid overtime premiums then you must Opt-In to join the lawsuit.*** If you wish to join this lawsuit, you must read, complete, sign, and return or postmark for return, the enclosed/attached Consent to Join Collective Action form in one of the following ways **NO LATER THAN [DATE CERTAIN TO BE FILLED IN BEFORE SENDING], 2026 [45 days from the date this Notice is sent]**.

    1)  Mailing the form to:

        **Ronald E. Weldy**
        **WELDY LAW**
        **11268 Governors Lane**

**Fishers, IN 46037**

2) Emailing it to Ronald Weldy, *rweldy@weldylegal.com*; or

3) Texting it to Ronald Weldy at **(317) 289-0483**.

If you do not return, or postmark for return, the Consent to Join Collective Action form by **[DATE CERTAIN TO BE FILLED IN BEFORE SENDING], 2026,** you will not be able to join the lawsuit.

## 6. YOUR LEGAL REPRESENTATION IF YOU JOIN THIS LAWSUIT.

If you join this lawsuit, you will be represented by the law firm of Weldy Law. The address, e-mail and telephone number is:

Ronald E. Weldy
WELDY LAW
11268 Governors Lane
Fishers, IN 46037
Phone: (317) 842-6600
E-mail: rweldy@weldylegal.com

If you choose to join this lawsuit, you agree that Plaintiff's attorney will be representing you. At this time, you will not be required to pay any attorneys' fees or court costs to the Plaintiff's attorney. Rather, in the event Plaintiff prevails in the lawsuit by a court-issued judgment or the matter resolves through a settlement reached between the parties, the Plaintiff's attorney will be paid his reasonable attorneys' fees and reimbursed for any litigation expenses from the total amount paid by TLC. The Court must approve any settlement, including any attorney's fees and litigation expenses to be paid to the Plaintiff's attorney.

## 7. WHAT HAPPENS IF I JOIN THE LAWSUIT?

If you sign and return the enclosed/attached Consent to Join Collective Action form and join the lawsuit, you are agreeing to designate Plaintiff and her attorney, Ronald Weldy of Weldy Law, to act as your agents to make decisions on your behalf concerning this lawsuit, the method and manner of conducting this lawsuit, and all other matters pertaining to this lawsuit. These decisions made and entered into by the Plaintiff and her attorney will be binding on you if you join this lawsuit.

If you decide to join this lawsuit, you may be required to provide records, answer written questions, or testify under oath in a deposition prior to trial or at trial. You will be bound by any judgment entered by the Court, whether it is favorable or unfavorable. You will also be bound by any settlement of this lawsuit.

## 8. CAN I BE FIRED OR PUNISHED BY TLC BECAUSE I PARTICIPATE IN THIS LAWSUIT?

No, if you *opt-in* to the FLSA Collective Action by completing and mailing, e-mailing, or

3

texting the ***Consent to Join Collective Action form***, federal law prohibits TLC from discharging or retaliating against you or in any manner discriminating against you because you have done so.

Federal law prohibits TLC from discouraging you to join this lawsuit. Federal Law prohibits TLC from taking any adverse employment action against you because you have joined this lawsuit.

29 U.S.C. § 215(a)(3) states – it shall be unlawful for any person – "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . ."

**9.    WHAT HAPPENS IF I DECIDE NOT TO JOIN THE LAWSUIT?**

If you do not wish to be part of this lawsuit, you do not need to do anything. If you do nothing, you will be ***excluded*** from the FLSA claim and you will not be affected by any judgment or settlement rendered in this case with respect to the FLSA claim, whether favorable or unfavorable.

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, BUT THE COURT HAS TAKEN NO POSITION ON THE MERITS OF THIS LAWSUIT.**

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THE COURT AND THE CLERK OF THE COURT CANNOT ANSWER ANY QUESTIONS ABOUT THIS LAWSUIT.**

If you have any questions or concerns about joining this lawsuit, please call, e-mail, or text Ronald Weldy at **(317) 289-0483 or rweldy@weldylegal.com**.

4

**EMAIL NOTICE:**

Subject: Notice of Right to Participate in Lawsuit

To:      Name of Potential Collective Action Member:

Attached hereto is a Notice of Collective Action and Consent to Join Collective Action form for the TLC House and Residential Services, LLC, Collective Action.

Contact our office with any questions or concerns.

Name Block

[Attachment: Notice of Collective Action and Consent to Join Collective Action form]


**TEXT NOTICE:**

Number of Potential Collective Action Member

Notice of Right to Participate in TLC House and Residential Services, LLC, Collective Action

You should receive a Notice via mail and email regarding your right to join a collective action lawsuit against your current or former employer, TLC House and Residential Services, LLC.  If you do not receive a Notice via mail or email, please call or text Attorney Ronald Weldy at (317) 289-0483.

*Sparks. v. TLC et. al.*
Civil Action No. 1:25-cv-2034-JPH-MJD

## CONSENT TO JOIN COLLECTIVE ACTION

I want to be part of the Fair Labor Standards Act ("FLSA") collective action claim in this lawsuit and I consent to having my rights under the FLSA decided in this case. By my signature below, I designate Tiffany Sparks and her attorney as my agents to make decisions on my behalf concerning the litigation, the manner and method of conducting this litigation, attorneys' fees and costs and all other matters pertaining to this lawsuit. I understand that this means I will be bound by the result of this case:

Signed: _____

Date: _____

**RETURN THIS FORM BY E-MAIL, TEXT, OR MAIL TO**
**TLC Overtime Premiums Lawsuit**
**Weldy Law**
**11268 Governors Lane**
**Fishers, IN 46037**
**Phone: (317) 842-6600**
**Cell: (317) 280-0483**
**E-mail: rweldy@weldylegal.com**

**YOU MUST**: Print Name: _____

Print Address: _____ Apt: _____

_____ City: _____ State: _____ Zip: _____

_____

Telephone: _____ Cell: _____

Email: _____